UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOLLY ROBINSON,

    Plaintiff,

    v.

MERCURY INSURANCE
COMPANY OF GEORGIA,

    Defendant.

CIVIL ACTION NO.
1:25-CV-00081-JPB

## **ORDER**

This matter is before the Court on Mercury Insurance Company of Georgia's ("Defendant") Motion for Summary Judgment [Doc. 18]. This Court finds as follows:

### **FACTS[1] AND PROCEDURAL HISTORY**

On February 5, 2024, Holly Robinson ("Plaintiff") allegedly discovered visible water damage in her kitchen, her upstairs bathroom and her basement as a result of water dripping from the upstairs faucet. [Doc. 18-1, p. 6]. On the same day, Plaintiff contacted Defendant, her insurer, to report the loss. [Doc. 24, p. 5].

---

[1] The facts of this case are derived from Defendant's Statement of Undisputed Material Facts [Doc. 18-5], Plaintiff's Response [Doc. 22-2] and Defendant's Reply [Doc. 24]. The Court also conducted its own review of the record.

She also retained Tidal Wave Response LLC ("Tidal Wave") to perform mitigation services at the property.[2] Id.  "Tidal Wave removed the purportedly damaged insulation, baseboards, and drywall from the property and discarded them."  Id.

Defendant's claim adjuster visited Plaintiff's property on February 6, 2024, but was unable to inspect the claimed damages because Tidal Wave had already performed "extensive tear out, mitigation, and repair work at the property."[3]  Id. at 6.  According to Defendant, its adjuster did not observe any signs of moisture at the purported source of the water damage and the moisture readings were negative.[4]  Id. at 8–9.  Although Tidal Wave did provide Defendant with photographs of Plaintiff's property to use in the investigation, Defendant's adjuster asserted that the photographs did not show evidence of moisture damage.  [Doc. 18-2, p. 4]; [Doc. 22-3, p. 2].

---

[2] Additionally, she hired a public adjusting firm, Preferred Claim Solutions, to inspect the property and provide a damage estimate.  [Doc. 18, p. 6].

[3] The Court recognizes that Plaintiff disputed this fact but her citation to the record did not directly refute it.  Instead of disputing that Defendant's representative was unable to inspect the damage, Plaintiff claimed that the "tear out, mitigation, and repair work were preventative measures taken to prevent further damage to Plaintiff's home."  [Doc. 24, p. 6].

[4] Plaintiff refutes this evidence by attaching photographs to her response allegedly showing that moisture was observed.  Problematically for Plaintiff, however, her evidence does not show that moisture was observed by Defendant's adjuster and does not demonstrate when the photographs were taken.

Plaintiff's property was insured by Defendant pursuant to a homeowners insurance policy (the "Policy"). [Doc. 1-1, p. 22]. Under the Policy, an insured's duty after a loss includes the following:

1. Give prompt notice to us or our agent;

   . . .

4. Protect the property from further damage. If repairs to the property are required, you must:

   a. Make reasonable and necessary repairs to protect the property; and

   b. Keep an accurate record of repair expenses;

5. Cooperate with us in the investigation of a claim; [and]

   . . .

7. As often as we reasonably require:

   a. Show the damaged property.

Id. at 38–39. Notably, the Policy states that Defendant has "no duty to provide coverage" if the failure to comply with the duties identified above is prejudicial. Id. at 38. It also provides that "[n]o action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy." Id. at 40.

Defendant never paid Plaintiff's insurance claim.  As a result, on December 9, 2024, Plaintiff sued Defendant asserting the following causes of action:  (1) breach of contract and (2) bad faith refusal to settle.  [Doc. 1-1].  Defendant filed the instant Motion for Summary Judgment on November 13, 2025.  [Doc. 18].  The motion is now ripe for review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (quoting Anderson, 477 U.S. at 251).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating that summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. at 251). If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).

## ANALYSIS

Defendant asserts that it is entitled to summary judgment on all claims.  The Court will first address the breach of contract claim.

## I.   Breach of Contract Claim

Defendant argues that it is entitled to summary judgment because Plaintiff failed to comply with the provision in the Policy that states that Plaintiff shall "show the damaged property" "as often as we reasonably require." [Doc. 18-4, p. 7]. Specifically, Defendant asserts that Plaintiff breached the Policy when she "removed the damaged items from the property and did not save or preserve them for [Defendant] to inspect." Id. at 9. Plaintiff, on the other hand, contends that summary judgment is improper because a genuine issue of material fact exists as to whether any purported failure to comply with the Policy was prejudicial to Defendant. Plaintiff also argues that she is excused from complying with the Policy because she was performing emergency mitigation.

As a general rule, "a forfeiture of insurance coverage may result when an insured fails to satisfy a condition precedent to coverage under the contract." Progressive Mountain Ins. Co. v. Bishop, 790 S.E.2d 91, 94 (Ga. Ct. App. 2016) (citation modified). In other words, "if an insured does not adhere to a policy's conditions precedent, then she cannot recover, and summary judgment in favor of the insurance company is warranted." Passmore v. Travelers Cas. & Sur. Co., No. 2:19-CV-0059, 2020 WL 5880720, at *6 (S.D. Ga. Oct. 2, 2020). Importantly, if "some principle excuses the failure" to comply with the condition precedent, then

6

recovery is not barred.  Hines v. State Farm Fire & Cas. Co., 815 F.2d 648, 652 (11th Cir. 1987).

The Policy at issue in this case requires Plaintiff, after a loss, to show the damaged property to Defendant as often as Defendant reasonably requires.  Here, the evidence shows that Plaintiff notified Defendant of the loss on February 5, 2024.  The evidence also demonstrates that, on the same day, Plaintiff retained Tidal Wave to perform mitigation services.  It is undisputed that Tidal Wave discarded damaged materials (like drywall) and performed other repair work at Plaintiff's home before Defendant was able to perform its inspection.  Even though Tidal Wave removed and discarded the damaged property, Plaintiff permitted Defendant's adjuster to inspect her home on February 6, 2024.  She also provided Defendant with photographs of the purported damage.  Notably, no evidence was presented that Plaintiff ever refused any specific requests from Defendant to show the property or preserve evidence of the damage.

Under Georgia law, summary judgment is not appropriate when an insured "'cooperates to some degree or provides an explanation for [her] noncompliance'" with a condition precedent.  Passmore, 2020 WL 5880720, at *7 (quoting Diamonds & Denims, Inc. v. First of Ga. Ins. Co., 417 S.E.2d 440, 442 (Ga. Ct. App. 1992)).  Here, after construing the evidence in Plaintiff's favor, this Court

finds that some evidence exists that shows that Plaintiff did cooperate with Defendant by permitting the inspection and that Plaintiff had a reason for discarding the property when she did.  In the Court's view, a reasonable jury could conclude that Plaintiff complied with the Policy by promptly reporting the loss, providing photos to Defendant and allowing Defendant's adjuster to inspect her home the day following the loss.  A reasonable jury could also conclude that Plaintiff's inability to show the damaged property in its original condition resulted from mitigation efforts undertaken immediately after the loss rather than from any refusal to comply with the Policy.  In sum, because a jury issue exists as to whether Plaintiff satisfied the condition precedent or was justified in departing from it, Defendant's request for summary judgment as to Plaintiff's breach of contract claim is **DENIED**.

## II.    Bad Faith Claim

Defendant also asserts that it is entitled to summary judgment as to Plaintiff's bad faith claim.  To prevail on a claim for bad faith, the insured must prove:  "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith."  BayRock Mortg. Corp. v. Chi. Title Ins. Co., 648 S.E.2d 433, 435 (Ga. Ct. App. 2007).  Particularly

relevant here, "[p]enalties for bad faith are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact." Assurance Co. of Am. v. BBB Serv. Co., 576 S.E.2d 38, 39 (Ga. Ct. App. 2002).

In this case, Defendant contends that "Plaintiff has failed to prove that [Defendant's] failure to pay was motivated by bad faith" because it had reasonable grounds to contest the claim or question liability. [Doc. 18-4, pp. 10–11] (citation modified). In Defendant's view, it had a reasonable basis to refuse Plaintiff's demand for payment because Plaintiff removed and discarded the damaged items before the inspection and the photographs did not show moisture damage. In arguing to the contrary, Plaintiff claims that she met all the Policy's requirements, and "Defendant had everything it needed to evaluate the claim."[5] [Doc. 22, p. 13].

Although the Court found that a genuine issue of fact exists as to whether Plaintiff satisfied the Policy's requirement to show the damaged property, Defendant is nevertheless entitled to summary judgment on Plaintiff's bad faith claim. Here, the Policy required Plaintiff to show the damaged property as often as reasonably required. It is uncontroverted that some of the damaged materials were

---

[5] Plaintiff failed to submit a Statement of Additional Material Facts. As such, there is no evidence to support Plaintiff's assertion that Defendant had everything it needed.

removed and discarded during mitigation efforts before Defendant had an opportunity to inspect them in their original condition.  Given the Policy's express requirement and the undisputed destruction of the damaged materials prior to inspection, Defendant had a reasonable basis to question whether Plaintiff had complied with a condition precedent to coverage.  While a jury may ultimately conclude that Plaintiff's photographs, prompt notice and cooperation with the subsequent inspection were sufficient to satisfy the Policy, Defendant's position was not frivolous or unfounded.  Because the record demonstrates a legitimate coverage dispute concerning Plaintiff's compliance with the Policy, Plaintiff cannot establish bad faith as a matter of law.  To the extent that Defendant contends that it is entitled to summary judgment as to Plaintiff's bad faith claim, the motion is **GRANTED**.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [Doc. 18] is **GRANTED IN PART AND DENIED IN PART**.  As to the surviving breach of contract claim, the parties are **HEREBY ORDERED** to file the Consolidated Pretrial Order required by Local Rule 16.4 within twenty-one days of entry of this Order.  The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal of the case or entry of

10

default judgment.  If a Consolidated Pretrial Order is not filed, the Clerk is

**DIRECTED** to submit the case at the expiration of the twenty-one-day period.

If the parties would like a stay of this deadline to allow them to conduct

mediation, they may file a motion to that effect.  The parties are reminded that the

Court can refer this case to mediation before a Magistrate Judge at no cost.  If the

parties would like such a referral, they may make such a request in the motion.

**SO ORDERED** this 18th day of June, 2026.

_____

**J. P. BOULEE**
United States District Judge

11